**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

SARAH O. WANG 6649-0
KRISTI K. O'HERON 9307-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
swang@marrjones.com

Attorneys for Defendant
DTG OPERATIONS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. McALLISTER,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ GLOBAL HOLDINGS INC. DTG OPERATIONS, INC. (d/b/a, a/k/a, DOLLAR RENT AA CAR, THRIFTY CAR RENTAL, DOLLAR-THRIFTY AUTOMOTIVE GROUP and SNELLING SERVICES, LLC (d/b/a, a/k/a, SNELLING STAFFING, and SNELLING EMPLOYMENT, LLC, GEORGE CHOE (an individual), and LISA LIEN (an individual)<br><br>Defendants. | CIVIL NO. 17-00146 LEK - KSC<br><br>DEFENDANT DTG OPERATIONS, INC.'S **ANSWER** TO PLAINTIFF'S ORIGINAL COMPLAINT; CERTIFICATE OF SERVICE<br><br>Trial Date: Not set. |

**DEFENDANT DTG OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant DTG OPERATIONS, INC. ("Defendant DTG") hereby answers the Original Complaint filed by Plaintiff Willis C. McAllister ("Plaintiff") on April 2, 2017 [Doc 1] (the "Complaint"), as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendant DTG upon which relief can be granted.

**SECOND DEFENSE**

1. In answer to paragraph 2.1 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2.1 and, on that basis, Defendant DTG denies those allegations.

2. In answer to paragraph 2.2 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2.2 and, on that basis, Defendant DTG denies those allegations.

3. In answer to paragraph 3.1 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.1 and, on that basis, Defendant DTG denies those allegations.

4. In answer to paragraph 3.2 of the Complaint, Defendant DTG admits that Hertz Global Holdings, Inc. is the indirect parent company of The Hertz Corporation, Dollar Thrifty Automotive Group, Inc., and DTG Operations, Inc.; it is incorporated in Delaware; and its principal executive offices are located at 8501 Williams Road, Estero, Florida 33928, telephone number (239) 301-7000. Defendant DTG denies the remaining allegations contained in paragraph 3.2.

5. In answer to paragraph 3.3 of the Complaint, Defendant DTG admits that it is an indirect subsidiary of Hertz Global Holdings, Inc. and The Hertz Corporation; it is a direct subsidiary of Dollar Thrifty Automotive Group, Inc.; it has operations and/or offices at 2002 Kalakaua Ave., Honolulu, Hawaii 96815 and in the Pan Am Building, 1600 Kapiolani Blvd., Suite #825, Honolulu, Hawaii 96814, telephone number (808) 952-4242; and its registered agent for service of process in Hawaii is The Corporation Company, Inc., 1136 Union Mall, Suite 301, Honolulu, Hawaii 96813. Defendant DTG denies the remaining allegations contained in paragraph 3.3.

6. In answer to paragraph 3.4 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.4 and, on that basis, Defendant DTG denies those allegations.

7. In answer to paragraph 3.5 of the Complaint, Defendant DTG admits that George Choe ("Defendant Choe") is, and was at the relevant time, a manager with Defendant DTG in Hawaii and is and was, at times, at Defendant DTG's 2002 Kalakaua Ave. and 1600 Kapiolani Blvd. locations in Honolulu. Defendant DTG denies the remaining allegations contained in paragraph 3.5.

8. In answer to paragraph 3.6 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.6 and, on that basis, Defendant DTG denies those allegations.

9. In answer to paragraph 3.7 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.7 and, on that basis, Defendant DTG denies those allegations.

10. In answer to paragraph 3.8 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.8 and, on that basis, Defendant DTG denies those allegations.

11. In answer to paragraph 3.9 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations contained in paragraph 3.9 and, on that basis, Defendant DTG denies those allegations.

12. In answer to paragraph 3.10 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.10 and, on that basis, Defendant DTG denies those allegations.

13. In answer to paragraph 3.11 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3.11 and, on that basis, Defendant DTG denies those allegations.

14. In answer to paragraph 3.12 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding how "Eddie Agae" will be referred to and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 3.12.

15. In answer to paragraph 4.1 of the Complaint, Defendant DTG denies that Plaintiff filed an administrative EEOC complaint against Hertz Global Holdings, Inc. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4.1 and, on that basis, Defendant DTG denies those allegations. Defendant DTG

avers that the allegations set forth in footnote 5 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

16. In answer to paragraph 4.2 of the Complaint, Defendant DTG denies that Plaintiff received a right-to-sue letter against Hertz Global Holdings, Inc. Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4.2 and, on that basis, Defendant DTG denies those allegations.

17. In answer to paragraph 4.3 of the Complaint, Defendant DTG avers that the allegations set forth in paragraph 4.3 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

18. In answer to paragraph 4.4 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 4.4 and, on that basis, Defendant DTG denies those allegations.

19. In answer to paragraph 5.1 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding the “anticipated serving of ‘Hertz’ and ‘Snelling,’” and, on that basis, Defendant DTG denies those allegations.

Defendant DTG avers that the remaining allegations set forth in paragraph 5.1 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

20. In answer to paragraph 5.2 of the Complaint, Defendant DTG avers that the allegations set forth in paragraph 5.2 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

21. In answer to paragraph 5.3 of the Complaint, Defendant DTG denies that it committed any unlawful employment practices. Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5.3 and, on that basis, Defendant DTG denies those allegations.

22. In answer to paragraph 5.4 of the Complaint, Defendant DTG avers that the allegations set forth in paragraph 5.4, including footnotes1, 2 and 3, are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

23. In answer to paragraph 6.1 of the Complaint, Defendant DTG specifically denies that it is liable for the claims asserted against it in paragraph 6.1

and that it is an "alter ego" of Hertz Global Holdings, Inc. Defendant avers that the remaining allegations set forth in paragraph 6.1, including footnotes 2 and 3, are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

24. In answer to paragraph 6.2 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6.2 and, on that basis, Defendant DTG denies those allegations.

25. In answer to paragraph 6.3 of the Complaint, Defendant DTG denies that Defendant Choe is liable for the claims asserted against him in paragraph 6.3. Defendant avers that the remaining allegations set forth in paragraph 6.3, including footnotes 4, 5, and 6, are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

26. In answer to paragraph 6.4 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 6.4 and, on that basis, Defendant DTG denies those allegations. Defendant avers that footnotes 4, 5, and 6 are legal

conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

27. In answer to the unnumbered paragraph preceding paragraph 7.1 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in said paragraph and, on that basis, Defendant DTG denies those allegations.

28. In answer to paragraph 7.1 of the Complaint, Defendant DTG admits that Plaintiff was temporarily assigned to work at Defendant DTG's location at 2002 Kalakaua Ave. in Honolulu, Hawaii ("Waikiki location"). Defendant DTG denies the remaining allegations contained in paragraph 7.1.

29. In answer to paragraph 7.2 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.2.

30. In answer to paragraph 7.3 of the Complaint, Defendant DTG admits that Plaintiff was temporarily assigned to work at its Waikiki location from January 2014 until October 2014. Defendant DTG denies the remaining allegations contained in paragraph 7.3.

31. In answer to the first paragraph 7.4 of the Complaint (on page 11), Defendant DTG admits that during Plaintiff's temporary assignment at the Waikiki location, Defendant DTG's supervisory personnel included Defendant

Choe and Ave "Eddie" Agae. Defendant DTG denies the remaining allegations contained in the first paragraph 7.4 (on page 11).

32. In answer to paragraph 7.5 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7.5 and, on that basis, Defendant DTG denies those allegations.

33. In answer to paragraph 7.6 of the Complaint, upon information and belief, Defendant DTG denies the allegations contained in paragraph 7.6.

34. In answer to paragraph 7.7 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.7.

35. In answer to paragraph 7.8 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.8.

36. In answer to the second paragraph 7.4 of the Complaint (on page 12), Defendant DTG denies the allegations contained in the second paragraph 7.4 (on page 12).

37. In answer to paragraph 7.9 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations pertaining to Defendant Lisa Lien ("Defendant Lien") and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.9.

38. In answer to paragraph 7.10 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.10.

39. In answer to paragraph 7.11 of the Complaint, Defendant DTG avers that that the allegations set forth in paragraph 7.11 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

40. In answer to paragraph 7.12 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling Services, LLC ("Defendant Snelling") and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.12.

41. In answer to paragraph 7.13 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.13.

42. In answer to paragraph 7.14 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and, on that

basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.14.

43. In answer to paragraph 7.15 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant denies the remaining allegations contained in paragraph 7.15.

44. In answer to paragraph 7.16 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7.16 and, on that basis, Defendant DTG denies those allegations. Moreover, Defendant DTG avers that several allegations set forth in paragraph 7.16 are legal conclusions to which no response is necessary. To the extent a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

45. In answer to paragraph 7.17 of the Complaint, Defendant DTG denies that Plaintiff suffered a "traumatizing employment experience" or a "hostile work environment" while temporarily assigned at its Waikiki location. Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7.17 and, on that basis, Defendant DTG denies those allegations.

46. In answer to paragraph 7.18 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.18.

47. In answer to paragraph 7.19 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.19.

48. In answer to paragraph 7.20 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.20.

49. In answer to paragraph 7.21 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.21.

50. In answer to paragraph 7.22 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Lien and, on that

basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.22.

51. In answer to paragraph 7.23 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.23.

52. In answer to paragraph 7.24 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7.24 and, on that basis, Defendant DTG denies those allegations.

53. In answer to paragraph 7.25 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.25.

54. In answer to paragraph 7.26 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.26.

55. In answer to paragraph 7.27 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations contained in paragraph 7.27 and, on that basis, Defendant DTG denies those allegations.

56. In answer to paragraph 7.28 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.28.

57. In answer to paragraph 7.29 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.29.

58. In answer to paragraph 7.30 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.30.

59. In answer to paragraph 7.31 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.31.

60. In answer to paragraph 7.32 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the allegations contained in paragraph 7.32 insofar as they pertain to Defendant Choe. Defendant DTG avers that the remaining allegations set forth in paragraph 7.32, including footnote 5, are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

61. In answer to paragraph 7.33 of the Complaint, Defendant DTG admits that it was informed Plaintiff complained about hearing non-supervisory employees use racial slurs on a few occasions. Defendant DTG denies the remaining allegations contained in paragraph 7.33.

62. In answer to paragraph 7.34 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.34.

63. In answer to paragraph 7.35 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7.35 and, on that basis, Defendant DTG denies those allegations.

64. In answer to paragraph 7.36 of the Complaint, Defendant DTG admits that it submitted a Position Statement to the EEOC in which it denied unlawfully discriminating or retaliating against Plaintiff in any manner. Defendant DTG denies that Hertz Global Holdings, Inc. submitted a Position to the EEOC related to Plaintiff. Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7.36 and, on that basis, Defendant DTG denies those allegations.

65. In answer to paragraph 7.37 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.37.

66. In answer to paragraph 7.38 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 7.38 and, on that basis, Defendant DTG denies those allegations.

67. In answer to paragraph 7.39 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Snelling and Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.39.

68. In answer to paragraph 7.40 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 7.40 and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained in paragraph 7.40.

69. In answer to paragraph 7.41 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained paragraph 7.41.

70. In answer to paragraph 7.42 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations insofar as they pertain to Defendant Lien and, on that basis, Defendant DTG denies those allegations. Defendant DTG denies the remaining allegations contained paragraph 7.42.

71. In answer to paragraph 7.43 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.43.

72. In answer to paragraph 7.44 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.44.

73. In answer to paragraph 7.45 of the Complaint, Defendant DTG denies that Plaintiff was subject to unlawful disparate treatment. Defendant DTG avers that the remaining allegations set forth in paragraph 7.45 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

74. In answer to paragraph 7.46 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.46.

75. In answer to paragraph 7.47 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.47.

76. In answer to paragraph 7.48 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.48.

77. In answer to paragraph 7.49 of the Complaint, Defendant DTG avers that the allegations in paragraph 7.49 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

78. In answer to paragraph 7.50 of the Complaint, Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 7.50 and, on that basis, Defendant DTG denies those allegations. Defendant DTG avers that the remaining allegations set forth in paragraph 7.50 are legal conclusions to which no response is necessary. To the extent that a response is required, Defendant DTG denies those allegations and leaves Plaintiff to his proof.

79. In answer to paragraph 7.51 of the Complaint, Defendant DTG avers that the e-mail referenced in paragraph 7.51 speaks for itself as to what is stated therein and Defendant DTG denies all allegations in paragraph 7.51 that purport to summarize, characterize or alter the language in the e-mail. Defendant DTG is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7.51 and, on that basis, Defendant DTG denies those allegations.

80. In answer to paragraph 7.52 of the Complaint, Defendant DTG denies the allegations contained in paragraph 7.52.

81. In answer to paragraph 8.1 of the Complaint, Defendant DTG denies that Plaintiff is entitled to any damages or any other relief.

82. In answer to paragraph 8.2 of the Complaint, Defendant DTG denies that Plaintiff is entitled to any damages or any other relief.

83. In answer to paragraph 8.3 of the Complaint, Defendant DTG denies that Plaintiff is entitled to any damages or any other relief.

84. In answer to paragraph 8.4 of the Complaint, Defendant DTG denies that Plaintiff is entitled to any damages or any other relief.

85. In answer to paragraph 8.5 of the Complaint, Defendant DTG denies that Plaintiff is entitled to any damages or any other relief.

86. Defendant DTG denies all remaining allegations in the Complaint not otherwise expressly and unequivocally admitted elsewhere in this Answer.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over some or all of Plaintiff’s claims.

**FOURTH DEFENSE**

Plaintiff is barred from maintaining this action by the applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative and/or internal and/or contractual remedies, a condition precedent to the maintenance of this action.

## SIXTH DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's misconduct, bad faith, and disloyalty.

## SEVENTH DEFENSE

Any actions taken with respect to Plaintiff were reasonable, justified, privileged, in good faith, for legitimate, substantial, and non-retaliatory business reasons, and pursuant to applicable rules, regulations and practices, and believed by Defendant DTG to be in accordance with the laws of the United States and the State of Hawaii.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant DTG exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant DTG or to otherwise avoid harm.

**NINTH DEFENSE**

All claims seeking damages for alleged emotional and/or physical injury are barred by the workers' compensation exclusivity provisions of Hawaii Revised Statutes ch. 386.

**TENTH DEFENSE**

Defendant DTG alleges that Plaintiff should be limited in the amount of damages he may recover on his claims, assuming he is able to establish Defendant DTG's liability, due to after acquired evidence of his misconduct.

**ELEVENTH DEFENSE**

Plaintiff's damages, if any, are wholly or primarily the result of his own negligence and/or misconduct, or that of Plaintiff's agents and/or third-parties, and not the result of any act or omission by Defendant DTG.

**TWELFTH DEFENSE**

Plaintiff's claim and prayer for punitive damages are unconstitutional because they violate the due process clause of the Fourteenth Amendment of the United States Constitution and/or of Article I, Section 5 of the Constitution of the State of Hawaii.

**THIRTEENTH DEFENSE**

Plaintiff's injuries and/or emotional distress, if any, and if legally attributable to any act or omission of Defendant DTG, are apportionable against pre-existing illness or injury.

**FOURTEENTH DEFENSE**

Without admitting liability or damages, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's failure to exercise reasonable diligence to mitigate his damages, if any damages in fact were suffered.

**FIFTEENTH DEFENSE**

To the extent that they apply and exist, Defendant DTG intends to rely upon any and all statutory, regulatory, and/or common law privileges and immunities available to him as a defense against Plaintiff's claims.

Defendant DTG reserves the right to assert additional affirmative defenses as they may become apparent as the result of discovery.

WHEREFORE, Defendant prays that (1) the Complaint be dismissed with prejudice; (2) Plaintiff takes nothing; (3) Defendant DTG receives an award of its reasonable attorneys' fees and costs; and (4) Defendant DTG receives such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, June 27, 2017.

*/s/ Sarah O. Wang*
SARAH O. WANG
KRISTI K. O'HERON

Attorneys for Defendant
DTG OPERATIONS INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. McALLISTER,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ GLOBAL HOLDINGS INC. DTG OPERATIONS, INC. (d/b/a, a/k/a, DOLLAR RENT AA CAR, THRIFTY CAR RENTAL, DOLLAR-THRIFTY AUTOMOTIVE GROUP and SNELLING SERVICES, LLC (d/b/a, a/k/a, SNELLING STAFFING, and SNELLING EMPLOYMENT, LLC, GEORGE CHOE (an individual), and LISA LIEN (an individual)<br><br>Defendants. | CIVIL NO. 17-00146 LEK - KSC<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing document was served on the following at their last known addresses:

***Served by First-Class Mail on June 27, 2017:***

Willis McAllister
1111 Piikoi Street
Honolulu, Hawaii 96814

Plaintiff, *Pro Se*

***Served electronically through CM/ECF June 27, 2017:***

ARTHUR F. ROECA, ESQ.
APRIL LURIA, ESQ.
ERIC A. IRWIN, ESQ.
Roeca Luria Shin LLP
Davies Pacific Center
841 Bishop Street, Suite 900
Honolulu, Hawaii 96813

Attorneys for Defendant
SNELLING SERVICES, LLC

DATED: Honolulu, Hawaii, June 27, 2017.

*/s/ Sarah O. Wang*
SARAH O. WANG
KRISTI K. O'HERON

Attorneys for Defendant
DTG OPERATIONS, INC.