# MINUTES

CASE NUMBER:     CIVIL NO. 17-00146 LEK-WRP

CASE NAME:     Willis C. McAllister vs. Hertz Global Holdings, Inc., doing business as DTG Operations, Inc. et al.,

JUDGE:   Leslie E. Kobayashi     DATE:   1/15/2020

COURT ACTION: EO: COURT ORDER DENYING: PLAINTIFF'S MOTION REQUESTING THE COURT TO APPOINT AN ARBITRATOR TO THIS CASE; AND THE SNELLING DEFENDANTS' MOTION TO LIFT STAY, VACATE ORDER COMPELLING ARBITRATION, AND ENTER SCHEDULING ORDER

    Pro se Plaintiff Willis C. McAllister ("Plaintiff") filed his Motion Requesting the Court to Appoint an Arbitrator to this Case ("Plaintiff's Motion") on September 13, 2019. [Dkt. no. 63.] Defendants Snelling Services, LLC ("Snelling") and Lisa Lien (collectively "the Snelling Defendants") filed their Opposition to Plaintiff's Motion Requesting the Court to Appoint an Arbitrator to this Case on November 8, 2019. [Dkt. no. 80.] On November 11, 2019, Defendants DTG Operations, Inc. and George Choe (collectively "the DTG Defendants") filed their Substantive Joinder in Defendants Snelling Services, LLC and Lisa Lien's Opposition to Plaintiff's Motion Requesting the Court to Appoint an Arbitrator to this Case [Doc 80]. [Dkt. no. 84.] This matter was subsequently taken under advisement as a non-hearing matter. [Minute Order, filed 12/03/19 (dkt. no. 85).]

    For the following reasons, Plaintiff's Motion is hereby DENIED.

    The history of this matter significant to the issue at hand is that: Plaintiff filed his complaint in this matter on April 2, 2017, which sets forth employment claims against the DTG Defendants and the Snelling Defendants. [Dkt. no. 1.] Because Plaintiff signed Snelling's Dispute Resolution Policy, which requires arbitration of certain claims, the parties were ordered to arbitrate all claims in the case, and the matter was stayed pending arbitration of Plaintiff's claims. [Order Granting in Part and Denying in Part Defendants Snelling Services, LLC and Lisa Lien's Motion to Compel Arbitration, and Defendants DTG Operations Inc. and George Choe's Substantive Joinder, filed 2/22/18 (dkt. no. 58).]

    Plaintiff seeks appointment of another arbitrator in his employment case pursuant to state law; specifically, the procedure set forth in Hawai‘i Revised Statutes § 658A-11:

    Appointment of arbitrator; service as a neutral arbitrator

> (a) If the parties to an agreement to arbitrate agree on a method for appointing an arbitrator, that method shall be followed, unless the method fails. **If the parties have not agreed on a method, the agreed method fails, or an arbitrator appointed fails or is unable to act and a successor has not been appointed, the court, on motion of a party to the arbitration proceeding, shall appoint the arbitrator.** An arbitrator so appointed has all the powers of an arbitrator designated in the agreement to arbitrate or appointed pursuant to the agreed method.

Haw. Rev. Stat. § 658A-11(a) (emphasis added). Thus, § 658A-11 provides that this Court can only appoint an arbitrator in this matter **if the agreed method fails.**

The relevant language of the contract controlling the arbitration, and the selection of the arbitrator, provides:

> A single arbitrator shall decide all disputes involving Claims. The arbitrator shall be selected by mutual agreement of the parties within thirty (30) days of the effective date of the notice initiating the arbitration. **If the parties cannot agree on an arbitrator, then the complaining party shall notify the [American Arbitration Association ("AAA")] and request selection of an arbitrator in accordance with the AAA Employment Rules.**

[Snelling Defs.' Motion to Compel Arbitration, filed 9/13/17 (dkt. no. 45), Decl. of Lisa Lien, Exh. A (Dispute Resolution Policy) at 2 (emphasis added).] The contract language expressly provides for a process for selecting the arbitrator – namely, the AAA Employment Rules, *i.e.* the National Rules for the Resolution of Employment Disputes of the American Arbitration Association, as amended. See id. at 1.

The relevant language of Rule 12 (Number, Qualifications and Appointment of Neutral Arbitrators) of the AAA Employment Rules provides:

> c. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:
>
> i. Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.
>
> ii. If the parties are unable to agree upon an arbitrator,

> > each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.
>
> > iii. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. **If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.**

Am. Arbitration Ass'n, Employment Arbitration Rules and Mediation Procedures 15 (2009) (emphasis added), https://www.adr.org/sites/default/files/EmploymentRules_Web2119.pdf.

As there is no indication that the agreed method - the AAA Employment Rules, Rule 12(c)(iii) - has failed, Plaintiff's Motion is hereby DENIED. The parties are INSTRUCTED to consult AAA as set forth in the AAA Employment Rules to schedule the arbitration ordered in the instant matter.

In light of the Court's direction, the Snelling Defendants' Motion to Lift Stay, Vacate Order Compelling Arbitration, and Enter Scheduling Order, [filed 11/7/19 (dkt. no. 79),] is hereby DENIED.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager